```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

DANIELLE HART,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

21-cv-03104 (NSR)(AEK)

ORDER ADOPTING
REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Danielle Hart ("Plaintiff" or "Hart") commenced this action on April 9, 2021, pursuant to 42 U.S.C. §405(g), challenging the decision of Defendant Commissioner of Social Security (the "Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) This case was referred to Magistrate Judge Andrew E. Krause ("MJ Krause") under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Presently before the Court is MJ Krause's Report and Recommendation ("R & R") on the Plaintiff's motion for judgement on the pleadings (ECF No. 24) and the Commissioner's cross-motion for judgement on the pleadings (ECF No. 28), wherein he recommends the matter be remanded to the Social Security Administration (the "SSA") for further proceedings. (R & R, ECF No. 31.) For the following reasons, the Court adopts MJ Krause's R & R in its entirety.

## BACKGROUND

    The following facts are summarized and taken from the administrative record, the parties' motion papers, and the R & R.

    Plaintiff applied for DIB on June 29, 2015, alleging a disability onset date of November 14, 2014. Plaintiff alleged disability due to bilateral carpal tunnel syndrome ("CTS"), Epstein-Barr virus, herniated discs in her neck and compound fracture, severe lower back pain, spinal stenosis, scoliosis, and depression. On November 13, 2015, the SSA denied her application. Thereafter, Plaintiff requested a

1

hearing before an Administrative Law Judge ("ALJ"). On October 6, 2017, Plaintiff, represented by counsel, appeared at an administrative hearing before ALJ Kieran McCormack ("ALJ McCormack"). In an opinion dated December 4, 2017, ALJ McCormack issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Plaintiff subsequently requested review by the Appeals Council, which in turn denied the request on September 13, 2018.

On November 6, 2018, Plaintiff commenced an action seeking judicial review of the SSA's decision denying her benefits. *See Hart v. Comm'r of Soc. Sec.,* No. 18-cv-10299 (PAE) (DCF) (S.D.N.Y.). By stipulation dated November 15, 2019, the parties agreed to remand the matter to the SSA for further administrative proceedings. In an order dated May 6, 2020, the SSA's Appeals Council remanded the case to the ALJ. The Appeals Council indicated, *inter alia*, that the existing record was not adequately developed as to Plaintiff's psychiatric condition, and found the ALJ did not thoroughly explain its basis for weighing certain medical records with regard to Plaintiff's residual functional capacity assessment.

Plaintiff subsequently appeared before ALJ McCormick. On December 9, 2020, ALJ McCormack, issued a decision denying Plaintiff's claim for DIB. Thereafter, Plaintiff commenced the instant action challenging the administrative decision of the Commissioner denying his application for DIB.

**STANDARD**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. See Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); see also *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R & R, a district court must review those parts de novo. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In de novo review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

3

## DISCUSSION

MJ Krause issued the R & R on February 16, 2023. The parties had until March 2, 2023, to file objections. To date, no objections have been filed. In the absence of any objections, the Court has reviewed MJ Krause's R & R and found no clear error.

As more fully discussed in Judge Krause's R & R, the ALJ failed to discharge his statutory duty to develop the administrative record fully and properly with respect to Plaintiff's physical impairments. As noted by MJ Krause, the ALJ's denial was deficient because it failed to reference any treating physicians' opinion(s) regarding Plaintiff's physical limitations or suitable opinions regarding his physical impairment of residual functional capacity. These failures created a significant gap in the administrative record warranting remand. Accordingly, the Court adopts MJ Krause's R & R in its entirety.

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgement on the pleadings and DENIES the Commissioner's cross-motion for judgement on the pleadings. The Clerk of Court is respectfully directed to enter judgment in favor of the Plaintiff and remands the action to the SSA for further proceedings consistent with MJ Krause's R & R. The Clerk of Court is further respectfully directed to terminate the motions at ECF Nos. 24 and 28.

Dated: March 9, 2023  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge